UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS A. SIMONIAN, | ) | |
| | ) | |
| Relator, | ) | No. 10 C 01217 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| MEADWESTVACO CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Thomas A. Simonian, brings this *qui tam* action against MeadWestvaco Corporation,
alleging that MeadWestvaco falsely marked certain products with an expired patent in violation
of 35 U.S.C. § 292 ("Section 292"). (R. 26, First Am. Compl. ¶ 1.) MeadWestvaco moves to
dismiss Simonian's first amended complaint pursuant to Federal Rule of Civil Procedure
12(b)(6). (R. 27, Def.'s Mot. Dismiss.) For the reasons stated below, MeadWestvaco's motion
to dismiss is granted.

## RELEVANT FACTS

Simonian is an individual residing in Geneva, Illinois. (R. 26, First Am. Compl. ¶ 7.)
MeadWestvaco is a Delaware corporation with its principal place of business in Richmond,
Virginia. (*Id.* ¶ 8.) MeadWestvaco is one of the largest producers of envelopes in the world,
with an output of more than 25 billion envelopes annually, including Mead® branded Security
Envelopes and Mead® branded White Envelopes. (*Id.* ¶¶ 5-6, 9, 12.)

Simonian alleges that MeadWestvaco marked its Mead® branded Security Envelopes and
Mead® branded White Envelopes with an expired patent. (*Id.* ¶¶ 13, 17, 19.) Specifically,
Simonian contends that the Mead® branded Security Envelopes and Mead® branded White

Envelopes were marked with United States Patent Number 4,838,430 ("the '430 Patent"), after the '430 Patent expired. (*Id.* ¶¶ 11, 13, 17, 19.) The '430 Patent, entitled "Side Loading Carton," was filed on May 12, 1988, issued on June 13, 1989, and expired on January 16, 2007. (*Id.* ¶ 11.) Simonian avers that MeadWestvaco revised its packaging at least once in 2009, which presented an opportunity for MeadWestvaco to remove the expired '430 Patent marking from the packaging. (*Id.* ¶ 19.)

Simonian further alleges that MeadWestvaco knew that the '430 Patent expired in January 2007, but that it nonetheless marked its products with the expired '430 Patent with the intent to deceive the public. (*Id.* ¶¶ 2, 22-23.) Simonian asserts that MeadWestvaco is a sophisticated company with decades of experience in applying for, obtaining and/or litigating patents and that over 1,000 United States Patents have issued to MeadWestvaco and its predecessor, The Mead Corporation. (*Id.* ¶ 14.) Finally, Simonian alleges that MeadWestvaco possesses vast experience in patenting, assistance of experienced in-house and outside legal counsel, and a well-funded intellectual property program to manage its intellectual property portfolio. (*Id.* ¶ 23.)

## PROCEDURAL HISTORY

Simonian filed suit against MeadWestvaco on February 23, 2010. (R. 1, Compl.) On May 28, 2010, MeadWestvaco filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) or, in the alternative, to stay. (R. 19, Def.'s Mot. Dismiss.) On June 3, 2010, the Court granted MeadWestvaco's motion and dismissed Simonian's original complaint without prejudice as to the filing of an amended complaint because it failed to meet Rule 9(b)'s heightened pleading standard and stayed the case until the Federal Circuit issued an opinion in *Stauffer v. Brooks*

2

*Brothers, Inc.*, (No. 2009-1428) (filed Nov. 23, 2009) (R. 23 Minute Entry; R. 24 Tr.

Proceedings 13:1-18.) The Federal Circuit issued its decision in *Stauffer v. Brooks Brothers, Inc.*

on August 31, 2010, and held that a *qui tam* relator has standing to pursue a false marking action

on behalf of the government. 619 F.3d 1321, 1325 (Fed. Cir. 2010). Thereafter, Simonian filed

his first amended complaint on September 14, 2010. (R. 26, First Am. Compl.) In his first

amended complaint, Simonian alleges one count of false marking. (*Id.* ¶¶ 10-28.) Simonian

avers that MeadWestvaco violated Section 292(a) of the False Marking Statute by marking

certain envelope products with the expired '430 Patent with the intent to deceive the public and

to gain or maintain a competitive advantage in the market. (*Id.* ¶ 2.)

MeadWestvaco moved to dismiss on October 1, 2010. (R. 27, Def.'s Mot. Dismiss.)

Specifically, MeadWestvaco argues that Simonian's allegations fail to satisfy the heightened

pleading standard for fraud of Rule 9(b), as well as the more lenient notice pleading standard of

Rule 8(a). (R. 29, Def.'s Mem. at 1-2.) Additionally, MeadWestvaco argues that Simonian's

first amended complaint should be dismissed because Section 292 violates the Take Care Clause

of the United States Constitution. (*Id.* at 2.)

On January 3, 2011, the United States intervened pursuant to 28 U.S.C. § 2403 and

Federal Rule of Civil Procedure 5.1(c), arguing that Section 292 is constitutional. (R. 39, United

States' Mem.) After MeadWestvaco's motion to dismiss was filed, both parties supported their

positions with the filing of supplemental authorities, particularly *BP Lubricants USA Inc.*, 637

F.3d 1307 (Fed. Cir. 2011).

## LEGAL STANDARDS

A motion to dismiss pursuant to Rule 12(b)(6) "challenges the sufficiency of the

complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the non-movant's favor. *Id.* Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The heightened pleading requirements of Rule 9(b) apply to false marking claims. *BP Lubricants*, 637 F.3d at 1309. Rule 9(b) provides, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Although knowledge and intent may be averred generally, such that "a plaintiff may plead upon information and belief under Rule 9(b)," the pleadings must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *BP Lubricants*, 637 F.3d at 1311 (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009)). In the Section 292 context, a complaint must provide "some objective indication to reasonably infer that the defendant was aware that the patent expired." *Id.* Finally, while there is a rebuttable presumption of intent to deceive that arises when a relator pleads the "combination of a false statement and knowledge that the statement was false[,]" *Pequignot v. Solo Cup. Co.*, 608 F.3d 1356, 1362-63 (Fed. Cir. 2010), pleading the "facts necessary to activate the *Pequignot* presumption is simply a factor in determining whether Rule

4

9(b) is satisfied; it does not, standing alone, satisfy Rule 9(b)'s particularity requirement." *BP Lubricants*, 637 F.3d at 1312-13 (quoting *Pequignot*, 608 F.3d at 1362-63).

## ANALYSIS

### I.    Intent to Deceive

MeadWestvaco argues that Simonian has not alleged sufficient underlying facts in his first amended complaint from which this Court may reasonably infer that MeadWestvaco acted with the requisite state of mind, as required by Section 292.  (R. 29, Def.'s Mem. at 5).

Section 292 provides, in relevant part:

> (a) Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public [. . .] Shall be fined not more than $500 for every such offense.
> (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

35 U.S.C. § 292 (2006).  To establish a false marking claim a plaintiff must prove: (1) that a defendant marked an unpatented article (2) with the intent to deceive the public.  *Forest Grp., Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009).  The Federal Circuit has made clear that an article marked with a now-expired patent is "unpatented" within the meaning of Section 292.  *Pequignot*, 608 F.3d at 1362.

Here, MeadWestvaco does not dispute that Simonian's allegation that MeadWestvaco marked certain envelopes with the '430 Patent after the '430 Patent expired satisfies the first element of a false marking claim.  Rather, MeadWestvaco argues that Simonian fails to allege sufficient underlying facts to allow a reasonable inference of intent to deceive under Rule 9(b)'s specificity requirement.  (R. 29, Def.'s Mem. at 5.)  "Intent to deceive is a state of mind arising

when a party acts with sufficient knowledge that what it is saying is not so and consequently that

the recipient of its saying will be misled into thinking that the statement is true." *Clontech Labs.,*

*Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). A defendant's "[i]ntent to

deceive, while subjective in nature is established in law by objective criteria." *BP Lubricants*,

637 F.3d at 1311 (quoting *Clontech Labs., Inc.*, 406 F.3d at 1352). Therefore, "objective

standards control and the fact of misrepresentation coupled with proof that the party making it

had knowledge of its falsity is enough to warrant drawing the inference that there was a

fraudulent intent." *Id.* (quotations omitted). Accordingly, in the Section 292 context, a

complaint must "provide some objective indication to reasonably infer that the defendant was

aware that the patent expired." *Id.* As discussed below, objective criteria include allegations

identifying specific individuals involved in the false marking, allegations that the defendant was

involved in litigation involving the patent-at-issue, or allegations that the defendant made

multiple revisions of the marking after the patent-at-issue expired. *Id.* at 1312.

According to MeadWestvaco, there is no basis in the first amended complaint "from

which to infer that someone at MeadWestvaco deliberately acted after the '430 Patent expired

with regard to the patent marking on the Mead envelope packages with the specific intent to

deceive the public[.]" (R. 29, Def.'s Mem. at 6.) In response, Simonian argues that his "general

allegations, on information and belief, that [MeadWestvaco] acted with an intent to deceive the

public when it marked its products with two [sic] expired patents is [sic] sufficient pursuant to

the explicit terms of Rule 9(b)." (R. 32, Pl.'s Resp. Def.'s Mot. Dismiss at 5-6.) As the Federal

Circuit explained in *BP Lubricants*, however, "a plaintiff is not empowered under the Rules 'to

plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his

complaint to survive a motion to dismiss.'" 637 F.3d at 1311. Accordingly, Simonian's general allegations are insufficient under Rule 9(b).

Seeking to avoid this result, Simonian argues that he has pled underlying facts to support his general allegation of intent to deceive. (R. 32, Relator's Resp. at 6.) In particular, Simonian points to his allegations that MeadWestvaco "is a sophisticated company with an in-house [Intellectual Property ("IP")] Legal Department, more than 1,000 patents, a service to manage its patent portfolio, and an appreciation for the importance of the company's IP to its business[.]" (*Id.* at 6.) These allegations, however, are identical to the conclusory allegations the Federal Circuit rejected in *BP Lubricants*, and they fail to provide this Court with a basis from which to infer that MeadWestvaco acted deliberately. 637 F.3d at 1311 (concluding that assertions that defendant is a "sophisticated company and has experience applying for, obtaining, and litigating patents . . . are not entitled to an assumption of truth at any stage in litigation."). At most, the allegations amount to bare assertions that MeadWestvaco should have known that the '430 Patent expired because of its sophistication and experienced counsel. Indeed, since *BP Lubricants* was issued, several of our esteemed colleagues have rejected such conclusory allegations. *See, e.g., Simonian v. Playtex Prods., LLC*, No. 10-1455, 2011 WL 1427968, at *1-2 (N.D. Ill. Apr. 11, 2011, J. Hibbler); *Hollander v. Hospira, Inc.*, No. 10-8151, 2011 WL 1811637, at *4 (N.D. Ill May 12, 2011, J. Kendall).

Nor can Simonian rely on the *Pequignot* rebuttable presumption of intent to deceive. "[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public[.]" *Pequignot*, 608 F.3d at 1362-63. Simonian argues that his allegations that MeadWestvaco is a sophisticated company with

7

experienced in-house counsel coupled with his allegations that MeadWestvaco falsely marked its products with the '430 Patent after the patent expired activate the *Pequignot* rebuttable presumption of intent to deceive. (*Id.*) The court disagrees; Simonian has not activated the presumption, however, because he fails to allege sufficient objective criteria from which this Court can infer that MeadWestvaco actually knew that the '430 Patent had expired.

None of Simonian's allegations lead to an inference that MeadWestvaco actually knew that the '430 Patent had expired. Even if Simonian did activate the presumption, the fact that Simonian may have "pled the facts necessary to activate the *Pequignot* presumption is simply a factor in determining whether Rule 9(b) is satisfied; it does not, standing alone, satisfy Rule 9(b)'s particularity requirement." *BP Lubricants*, 637 F.3d at 1313.

In its reply, MeadWestvaco correctly notes that Simonian fails to identify specific individuals within MeadWestvaco that may have been involved in the alleged false patent marking. (R. 41, Def.'s Reply at 5.) While it is true that Simonian could have identified specific individuals within MeadWestvaco who were aware that the '430 Patent expired, identifying "specific individuals is not the only way to set forth facts upon which intent to deceive can be reasonably inferred." *BP Lubricants*, 637 F.3d at 1312. Other factors may establish the necessary intent. For example, a *qui tam* relator may also "allege that the defendant sued a third party for infringement of the patent after the patent expired or made multiple revisions of the marking after expiration." *Id.* Here, Simonian has not alleged that MeadWestvaco engaged in litigation over the '430 Patent after it expired, or even prior to its expiration date, such that MeadWestvaco was put on notice that the '430 Patent had expired or was about to expire. *Compare Hollander v. Hospira, Inc.*, No. 10-8151, 2011 WL 1811637, *4 (N.D. Ill. May 12,

2011) (granting motion to dismiss where plaintiff failed to allege that defendant was put on notice of its expired patents by lawsuits or its competitors' actions), *with Hollander v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 10-836, 2011 WL 1288676, *4-6 (E.D. Pa. Apr. 5, 2011) (denying motion to dismiss where defendant was involved in various litigations over the patents-in-suit and made multiple post-expiration packaging revisions). Indeed, Simonian has not proffered any facts from which this Court may infer that MeadWestvaco was somehow put on notice that the '430 Patent was due to expire imminently. *See Luka v. Procter and Gamble Co.*, No. 10-2511, 2011 WL 1118689, at * 4 (N.D. Ill. Mar. 28, 2011) (denying motion to dismiss as to plaintiff who signed licensing agreement that listed patent expiration dates).

Nor has Simonian alleged that MeadWestvaco made multiple revisions of the marking after the '430 Patent expired. While Simonian alleges that MeadWestvaco made at least one revision of the marking after the '430 Patent expired, as evidenced by a single photograph in his first amended complaint, this is not enough to establish an intent to deceive. "[A] single, post-expiration package revision, without more, does not establish intent to deceive." *United States ex rel. Heathcote Holdings Corp., Inc., v. Helen of Troy, Ltd.*, No. 11-526, 2011 WL 1465445, *1 (N.D. Ill. Apr. 18, 2011); *Ortho-McNeil-Janssen Pharms., Inc.*, 2011 WL 1288676 at *5 (collecting cases and noting that "[c]urrent jurisprudence suggests that allegations of only a single, unspecified instance of package revision with an expired marking is not, by itself, sufficient to support an inference of deceptive intent."). "At the same time, courts have been receptive to plaintiffs alleging multiple packaging revisions, particularly where such allegations are detailed or coupled with other indicia of the defendant's knowledge of a patent's expiration." *Ortho-McNeil-Janssen Pharms., Inc.*, 2011 WL 1288676 at *4-6; *Hollander v. B. Braun Med.,*

*Inc.*, No. 10-835, 2011 WL 1376263, *3-4 (E.D. Pa. Apr. 12, 2011) (granting motion to dismiss as to counts where plaintiff alleged a single packaging update, but denying motion to dismiss as to counts where plaintiff alleged multiple revisions, at least one of which occurred after *qui tam* suit was filed). Here, Simonian points to one unspecified instance of a package revision in 2009, but fails to provide additional facts pointing to MeadWestvaco's actual knowledge that the '430 Patent expired. There are no objective criteria alleged here from which the Court may infer that MeadWestvaco acted with the requisite intent to deceive.

In sum, Simonian has not provided sufficiently detailed allegations from which this Court can reasonably infer that MeadWestvaco possessed the requisite intent to deceive the public. Accordingly, Simonian's allegations fail to meet the requirements of Rule 9(b) and its amended complaint must therefore be dismissed.

## II.    Constitutionality of Section 292

Because the Court grants MeadWestvaco's motion to dismiss, the Court does not reach the constitutional arguments raised by MeadWestvaco that Section 292 violates the Take Care Clause of the Constitution. Generally, federal courts should strive to avoid making constitutional decisions, especially when they are unnecessary. *Koger v. Bryan*, 523 F.3d 789, 801 (7th Cir. 2009) (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001)). Judicial restraint is also appropriate under these circumstances because the Federal Circuit has heard oral argument on the constitutionality of Section 292 in *FLFMC, LLC v. Wham-O Inc.*, No. 2011-1067 (Fed. Cir. argued July 7, 2011), and a decision on this issue is forthcoming.

## CONCLUSION

For the reasons stated above, MeadWestvaco's Motion to Dismiss (R. 27) is GRANTED

and Simonian's First Amended Complaint is dismissed. Because *BP Lubricants* was decided after Simonian filed his first amended complaint, the Court grants Simonian 90 days to file a Second Amended Complaint after proceeding with any appropriate written discovery limited to meeting its pleading requirements as outlined herein. If Simonian does not file a Second Amended Complaint, the Court will dismiss this action with prejudice.

Entered:

Judge Ruben Castillo
United States District Court

**Dated:** September 1, 2011

11